## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

JOEL PAULOT, GARRY JEAN,
FENEL JH PETIT-HOMME,
ANGELIA SISTRUNK and
KENNETH PINNOCK, individually,
and on behalf of all other similarly
situated individuals,                                    **CASE NO.**

           Plaintiffs,

vs.

                                    **COLLECTIVE AND CLASS**
THE SCHOOL BOARD OF                              **ACTION COMPLAINT**
PALM BEACH COUNTY,
FLORIDA,

           Defendant.
_____/

       Plaintiffs, Joel Paulot, Garry Jean, Fenel JH Petit-Homme, Angelia Sistrunk and Kenneth Pinnock, by their undersigned counsel, individually and on behalf of all other similarly situated individuals, hereby file this Collective and Class Action Complaint, against the Defendant, the School Board of Palm Beach County, Florida.

## I.
## PRELIMINARY STATEMENT

1.  This is a collective and class action brought by Plaintiffs, Joel Paulot, Garry Jean, Fenel JH Petit-Homme, Angelia Sistrunk and Kenneth Pinnock, individually, on behalf of themselves, and all others similarly situated; and the proposed Rule 23 Class to recover overtime compensation, from their current employer, the School Board of Palm Beach County, Florida.

2. Defendant employs Plaintiffs, Joel Paulot, Garry Jean, Fenel JH Petit-Homme, Angelia Sistrunk and Kenneth Pinnock, as School Bus Drivers; as well as those other employees ("Employees), who also work as School Bus Drivers for the Defendant; compensating them on an hourly basis; and the Employees routinely work more than forty (40) hours in a work week; but they are not paid an overtime premium for some of their overtime hours.

3. The named Plaintiffs, Joel Paulot, Garry Jean, Fenel JH Petit-Homme, Angelia Sistrunk and Kenneth Pinnock, individually, on behalf of themselves, and all others similarly situated, bring this action for violations of the federal Fair Labor Standards Act, 29 U.S.C. Section 201, *et seq*. ("FLSA"), and as an opt-out Rule 23 Class Action, on behalf of themselves and the proposed Rule 23 Class to remedy overtime wage violations.

4. The proposed Rule 23 Class consists of all persons, who worked as School Bus Drivers for the Defendant ("Employees"), in Palm Beach County, Florida, at any time in the two years prior to the filing of this Complaint.

## II.
## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction of this action; pursuant to 28 U.S.C. Section 1331, to hear this Complaint and to adjudicate these claims because this action involves a federal question under the FLSA.

6. Venue is proper in the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. Section 1391, because the Defendant operates in this district and

because a substantial part of the events and or omissions giving rise to the claims occurred in the Southern District of Florida.

7.  The Court has jurisdiction over the overtime wage claims herein, under 29 U.S.C. Section 207 (a)(1), which provides, in pertinent part as follows:

    Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours specified at a rate not less than one and one-half times the regular rate at which he is employed.

### III.
### PARTIES

8.  The named Plaintiff, Joel Paulot, is an adult resident of Boynton Beach, Palm Beach County, Florida; and from 2008, to the present, he was worked for the Defendant, as a School Bus Driver.

9.  The named Plaintiff, Garry Dean, is an adult resident of Boynton Beach, Palm Beach County, Florida; and from 2009, to the present, he was worked for the Defendant, as a School Bus Driver.

10. The named Plaintiff, Fenel JH Petite-Home, is an adult resident of West Palm Beach, Palm Beach County, Florida; and from 2008, to the present, he has worked for the Defendant, as a School Bus Driver.

11. The named Plaintiff, Angelia Sistrunk, is an adult resident of Riviera Beach, Palm Beach County, Florida; and from 2011, to the present, she has worked for the Defendant, as a School Bus Driver.

12. The named Plaintiff, Kenneth Pinnock, is an adult resident of West Palm Beach, Palm Beach County, Florida; and from 2011, to the present, he was worked for the Defendant, as a School Bus Driver.

13. The named Plaintiffs, Joel Paulot, Garry Jean, Fenel JH Petit-Homme, Angelia Sistrunk and Kenneth Pinnock, individually, on behalf of themselves, and all others similarly situated ("FLSA Collective"), bring this action pursuant to the FLSA, 29 U.S.C. Section 216 (b); Plaintiffs and the FLSA Collective, were, or are, employed by the Defendant, as School Bus Drivers, in Palm Beach County, during the applicable statutory period.

14. The named Plaintiffs and the FLSA Collective are current and former employees of the Defendant, within the meaning of the FLSA; and they were employed by the Defendant; within three years of the date the Complaint was filed. See, 29 U.S.C. Section 255 (a).

15. Additionally, pursuant to Fed.R.Civ.P. 23, the named Plaintiffs bring this action on behalf of all persons who worked as School Bus Drivers for the Defendant, in Palm Beach County, Florida, at any time in the two years prior to the filing of this Complaint. (the "Rule 23 Class").

16. At all relevant times, the named Plaintiffs and the members of the proposed Rule 23 Class were "employees," within the meaning of the FLSA.

17. Defendant, the School Board of Palm Beach County, Florida ("SCHOOL BOARD"), is a political subdivision of the State of Florida; and it is responsible for the administration of public schools in Palm Beach County.

18. Defendant, SCHOOL BOARD, is responsible for administering compensation policies and procedures for the Plaintiffs and the FLSA Collective.

19. At all relevant times, Defendant, SCHOOL BOARD, is and has been, an "employer," within the meaning of the FLSA, 29 U.S.C. Section 203 (d).

20. Pursuant to the FLSA, plaintiffs claiming overtime compensation must demonstrate that (1) he or she worked overtime hours without compensation; and (2) the employer knew or should have known of the overtime work.

## IV.
## FACTUAL ALLEGATIONS

21. The named Plaintiffs and members of the proposed FLSA Collective and Rule 23 Class are individuals, who were, or are employed by the Defendant, as School Bus Drivers ("Employees"); and their job duties, as drivers, are non-exempt; and in fact, the Defendant has paid time and one half of the Employees' regular hourly rate, for a portion of their hours worked on a weekly basis.

22. In the aggregate, the named Plaintiffs and other currently employed School Bus Drivers constitute approximately Nine Hundred workers employed by the SCHOOL BOARD; however, the named Plaintiffs and members of the proposed FLSA Collective and Rule 23 Class are more numerous that the current number of Employees, since the FLSA Collective and Rule 23 Class is comprised of all School Bus Drivers, who worked for the SCHOOL BOARD within the last two years prior to the filing of the Complaint.

23. The named Plaintiffs and members of the proposed FLSA Collective and Rule 23 Class are, and were, paid at the normal rate of $14.00, per hour for their work as School Bus Drivers; and for a portion of their hours worked in excess of forty (40) hours in any work week, they were paid in accordance with the FLSA premium rate, time and one half of their regular hourly rate, for all hours worked in excess of the regular rate, in any particular work week.

24. The named Plaintiffs and members of the proposed FLSA Collective and Rule 23 Class worked, on average, fifty (50) hours per week; however, for each additional ten (10) hour overtime period per week, they would only be paid three (3) hours of overtime compensation; and for the remaining seven (7) hours of overtime worked per week, they would be paid straight time.

25. Although the SCHOOL BOARD classified the Employees as non-exempt workers, the named Plaintiffs and members of the proposed FLSA Collective and Rule 23 Class are, and were, permitted and authorized, to work on average, fourteen (14) overtime hours, during any two (2) week pay period; without overtime pay.

26. Defendant was aware, or should have been aware, that the named Plaintiffs and members of the proposed FLSA Collective and Rule 23 Class, performed non-exempt work, during these additional fourteen (14) overtime times hours, which were performed by the Employees, during any two (2) week pay period.

27. Accordingly, the Employees performing school bus driving responsibilities throughout Palm Beach County, typically worked an additional fourteen (14) hours of overtime, during

6

any applicable pay period, for which they were not paid premium compensation, pursuant to the FLSA.

## V.
## COLLECTIVE ACTION ALLEGATIONS

28. The named Plaintiffs bring this Complaint on behalf of themselves and all similarly situated individuals. The Proposed FLSA Collective Class is defined as follows:

All persons who worked in the position of School Bus Driver for the School Board of Palm Beach County, Florida, at any time in the two years prior to the filing of this Complaint.

29. The named Plaintiffs have consented in writing, to be part of this action, pursuant to 29 U.S.C. Section 216(b); and Plaintiffs' signed consent forms are attached hereto, as **EXHIBIT A.**

30. As this case proceeds, it is likely that other individuals will file consent forms and join as, "opt-in" plaintiffs.

31. As described in the preceding paragraphs, during the applicable statutory period, the named Plaintiffs, and members of the proposed FLSA Collective were not paid overtime wages, for at least fourteen (14) hours of work, during any two-week pay period.

32. Defendant willfully engaged in a pattern of violating the FLSA, by knowingly failing to pay the Employees overtime wages, for a portion of their work weeks, during which they had worked in excess of forty (40) hours per week.

33. Defendant's conduct constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. Section 255.

34. Defendant is liable under the FLSA for failing to properly compensate the named Plaintiffs and the FLSA Collective for overtime.

35. Accordingly, notice of this action should be sent to the FLSA Collective; there are numerous similarly situated current and former employees of the Defendant, who have suffered from Defendant's practices and who would benefit from the issuance of court supervised notice of this lawsuit and the opportunity to join; and those similarly situated employees are known to the Defendant and they are readily identifiable from the Defendant's personnel records.

## VI.
## CLASS ACTION ALLEGATIONS

36. The named Plaintiffs bring this Complaint, on behalf of themselves, and all similarly situated individuals. The proposed Rule 23 Class is defined as follows:

All persons who worked in the position of School Bus Driver for the School Board of Palm Beach County, Florida, at any time in the two years prior to the filing of this Complaint.

37. The persons in the proposed Rule 23 Class are so numerous that joinder of all of the proposed Rule 23 Class members is impracticable.

38. While the precise number of class members has not been determined at this time, there are at least nine hundred current School Bus Drivers, currently employed by the Defendant, who have not been paid overtime wages for at least fourteen (14) hours of overtime work in each applicable pay period; and certainly, there are additional class members, since some Employees have left their former employment with the Defendant; and there have been some new hires within the applicable statutory period.

39. There are questions of law and fact common to the proposed Rule 23 Class that predominate over any questions solely affecting individual members of the proposed Class, including, but not limited to:

    a.   Whether Defendant violated the FLSA, by failing to pay the Employees overtime compensation for all hours worked in excess of forty hours in any individual work week;

    b.  Whether the Defendant knew that the Employees were not being paid overtime pay, for all hours worked in excess of forty hours per week, in any work week;

    c.  The proper measure of damages for the representative Plaintiffs are typical of the claims of the class;

    d.  Whether the representative parties will fairly and adequately protect the interests of the class; and

    e.  Whether the Defendant should be enjoined from such violations in the future.

40. The named Plaintiffs' claims are typical of those of the proposed Rule 23 Class; Plaintiffs, like other members of the Rule 23 Class, worked as School Bus Drivers for the Defendant; and furthermore, Plaintiffs, like other members of the Rule 23 Class, were not paid overtime compensation for approximately fourteen (14) hours of overtime work, during any applicable pay period, or for approximately seven (7) hours of overtime work in any work week.

41. The named Plaintiffs will fairly and adequately protect the interests of the proposed Rule 23 Class, and they have retained counsel, who is experienced in complex wage and hour class action litigation.

42. This action is properly maintainable as a class action under Fed.R.Civ.P. 23 (b)(1)(A) because prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the Defendant.

43. This action is properly maintainable as a class action under Fed.R. Civ.P. 23 (b)(2) because the Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief, or corresponding declaratory relief with respect to the class as a whole.

44. This action is properly maintainable as a class action under Fed.R. Civ.P. 23 (b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits against large employers.

45. Class action litigation is also superior because it will preclude the need for unduly disruptive litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices.

46. There does not appear to be any difficulties in managing this class action; and the Plaintiffs intend to send notices to the proposed Rule 23 Class to the extent required by Fed.R.Civ. P. 23 (c).

**COUNT I**
**(VIOLATION OF THE FAIR STANDARDS ACT, FAILURE TO PAY OVERTIME)**
**(On behalf of the Plaintiffs and the FLSA Collective)**

47. The named Plaintiffs restate and re-aver the allegations of Paragraphs 1—46 of the Complaint, as if fully set forth herein.

48. The FLSA, 29 U.S.C. Section 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per work week.

49. As described in the preceding paragraphs, Defendant permitted the named Plaintiffs and the FLSA Collective to work more than forty hours per week; and Plaintiffs and the FLSA Collective were not fully compensated for all hours worked in excess of forty (40) hours per week, in any particular work week.

50. The named Plaintiffs and the FLSA Collective are not exempt from the overtime requirements of the FLSA, see, 29 U.S.C. Section 213.

51. Defendant's actions, policies and practices as described herein, violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs and the FLSA Collective at the required overtime rate.

52. As a direct and proximate cause of the Defendant's unlawful conduct, the named Plaintiffs and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages.

53. The named Plaintiffs and the FLSA Collective are also entitled to liquidated damages, reasonable attorney's fees and costs incurred in the prosecution of these claims.

11

54. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. Section 255 (a); Defendant knew or showed reckless disregard for the fact that its compensation policies and practices were in violation of the FLSA.

## VII.
## PRAYER FOR RELIEF

**WHEREFORE**, the named Plaintiffs, on behalf of themselves and those similarly situated, pray for judgment against the Defendant, as follows:

A.   Designation of this action as a collective action on behalf of Plaintiffs and those similarly situated, and prompt issuance of notice, pursuant to 29 U.S.C. Section 216(b) to all those similarly situated, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B.   Judgment that Plaintiffs and those similarly situated are non-exempt employees entitled to protection under the FLSA;

C.   Judgment against the Defendant for the violation of the overtime provisions of the FLSA;

D.   Judgment that Defendant's violations of the FLSA were willful;

E.   An award to Plaintiffs and those similarly situated for the amount of unpaid overtime compensation owed, liquidated damages and prejudgment interest on any unpaid overtime wages upon which liquidated damages were not assessed;

F.   An award of reasonable attorney's fees and costs;

G.   Leave to add additional plaintiffs by motion, by the filing of written consent forms, or by any other means approved by the Court; and

H.   For such other and further relief, in law or in equity, as this Court may deem appropriate and just.

**WHEREFORE**, Plaintiffs, on behalf of themselves, individually and the proposed Rule 23 Class, prays for relief as follows:

    A.  Certification of the proposed Rule 23 Class as a class action pursuant to Fed.R.Civ.P 23, for the designation of Plaintiffs, as class representative, and for designation of Plaintiffs' counsel as class counsel;

    B.  Judgment that Plaintiffs and members of the proposed Rule 23 Class are non-exempt employees, entitled to overtime compensation under the FLSA;

    C.  Judgment that Defendant violated the FLSA by failing to pay Plaintiffs and members of the proposed Rule 23 Class complete overtime compensation for all hours worked in excess of forty hours for any one work week;

    D.  An award to Plaintiff and all members of the proposed Rule 23 Class all unpaid overtime compensation, prejudgment interest and all available penalty damages;

    E.  All costs incurred in prosecuting this claim, as allowed by law; and

    F.  All further relief as the Court deems to be just and equitable.

### Demand for Trial by Jury

Plaintiffs, on behalf of themselves, individually and the proposed Rule 23 Class, demand trial by jury of all issues so triable.

13

Respectfully submitted,

Mark J. Berkowitz, P.A.
Attorney for Plaintiffs
110 S.E. 6th Street
Suite 1700
Ft. Lauderdale, Florida 33316
(954) 527-0570 Telephone
(954) 281-5881 Telecopier
E-Mail: labor@markjberkowitz.com
Fla. Bar No. 369391

/s/ Mark J. Berkowitz
By: Mark J. Berkowitz

Dated on this 18th day of May, 2018.